UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK RYAN SUMNER<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>　　　　　Defendant. | Case No. 1:25-cv-00176-EPG<br><br>FINAL JUDGMENT AND ORDER REGARDING PLAINTIFF'S SOCIAL SECURITY COMPLAINT<br><br>(ECF Nos. 1, 13). |

　　　　This matter is before the Court on Plaintiff's complaint for judicial review of an unfavorable decision by the Commissioner of the Social Security Administration regarding his application for disability benefits. The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c), with any appeal to the Court of Appeals for the Ninth Circuit. (ECF No. 8).

　　　　Plaintiff argues that: (1) "The MRFC is not supported by substantial evidence," and (2) "The ALJ harmfully erred by failing to obtain the medical assessment upon which the 100% VA PTSD disability determination was made." (ECF No .13, p.2).

　　　　Having reviewed the record, administrative transcript, parties' briefs, and the applicable law, the Court finds as follows.

**I.  ANALYSIS**

**A.  BACKGROUND**

Plaintiff filed an application for Social Security Disability Income (SSDI) Benefits on February 9, 2023. with an alleged onset date of March 6, 2022. but was denied relief at the administrative level. (A.R. 21). The claim was denied on April 20, 2023, and was reconsidered on July 5, 2023. (*Id.*). On July 12, 2023, Plaintiff filed a request for a hearing by Administrative Law Judge (ALJ) and had a hearing before an ALJ on October 7, 2024, where Plaintiff appeared and testified. (A.R. 32-35). The ALJ issued an unfavorable decision on October 23, 2024. (A.R. 18-31). Plaintiff timely appealed the decision to the Appeals Council (AC), who denied his request for review on December 16, 2024. (A.R. 1-6), making the ALJ's decision the final decision. Plaintiff filed an action in this Court seeking review of the Commissioner's decision.

The ALJ's determined that Plaintiff's had residual functional capacity (RFC):
> to perform a full range of work at all exertional levels but with the following nonexertional limitations: the claimant is able to perform jobs of a non- complex nature requiring the performance of no more than simple, routine tasks, and is able to maintain occasional contact with co-workers and supervisors. The claimant should have no contact with members of the general public.

(A.R. 25)

In formulating the RFC, the ALJ addressed the opinion of Plaintiff's treating psychiatrist, Dwayne R. Depry, D.O., who completed a mental residual functional capacity questionnaire (MRFC) on May 22, 2023. (A.R. 865-867). Dr. Depay diagnosed Plaintiff
> with central sleep apnea, bipolar disorder and post-traumatic stress disorder. He stated that the claimant had medical conditions that fueled need for medications and medications could impair his occupational functioning such as impairing focus and attention. His mental abilities in understanding and memory precluded performance for 15% or more of an 8-hour workday. His ability to carry out very short and simple instructions, sustain an ordinary routine without special supervision, work in coordination with or in proximity to others without being distracted by them and make simple work related decisions was precluded for 10% of the day. He was precluded for 15% of the day for carrying out detailed instructions, maintaining attention and concentration for extended periods of time, performing activities within a schedule, maintaining attendance, being punctual within customary tolerances and completing a normal workday and workweek without interruptions from psychologically based symptoms and performing at a consistent pace without an unreasonable number and length of rest periods. In the area of social interaction, he had a 15% preclusion in interacting appropriately with the general public.

> He had a 10% preclusion in all other areas (2F).

(A.R. 32). The medications that the ALJ indicated in his review of Dr. Depay's opinion, include an antipsychotic, Olanzapine; an antidepressant and sedative, Doxepin, Cantotrsefne [sic]; a SSRI, Fluvoxamine; a CNS stimulant, Dextroamphetamine; and Suboxone. (A.R. 866). Dr. Depay opined these medications along with his diagnoses would render Plaintiff unable to complete an 8-hour workday for more than 5 days per month, and Plaintiff would have more than 5 unplanned absences per month as a result of his need for ongoing medical care and treatment. (*Id.*).

> The ALJ found Dr. Depay's opinion of limited persuasion because:
> [t]his opinion cites to bipolar disorder, PTSD symptoms which are not supported consistently in the records, particularly at (7F). It is inconsistent with the claimant's generally normal mental status exams and activities of daily living.

(*Id.*).

### B.  LEGAL STANDARDS

A claimant's RFC is "the most [a claimant] can still do despite [his] limitations." 20 C.F.R. §§ 404.1545(a), 416.945(a); *see also* 20 C.F.R. Part 404, Subpart P, Appendix 2, § 200.00(c) (defining an RFC as the "maximum degree to which the individual retains the capacity for sustained performance of the physical-mental requirements of jobs"). "In determining a claimant's RFC, an ALJ must consider all relevant evidence in the record, including, *inter alia*, medical records, lay evidence, and the effects of symptoms, including pain, that are reasonably attributed to a medically determinable impairment." *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 883 (9th Cir. 2006) (internal quotation marks and citations omitted).

In reviewing findings of fact with respect to RFC assessments, this Court determines whether the decision is supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence means "more than a mere scintilla," *Richardson v. Perales*, 402 U.S. 389, 402 (1971), but less than a preponderance. *Sorenson v. Weinberger*, 514 F.2d 1112, 1119, n. 10 (9th Cir. 1975). It is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401 (internal citation omitted).

ALJs must also evaluate medical opinions under certain guidelines for claims filed on or

after March 27, 2017. 20 C.F.R. §§ 404.1520c, 416.920c. (A.R. 17). These regulations set "supportability" and "consistency" as "the most important factors" when determining an opinion's persuasiveness. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2). Although the regulations eliminate the "physician hierarchy," deference to specific medical opinions, and assignment of specific "weight" to a medical opinion, the ALJ must still "articulate how [he or she] considered the medical opinions" and "how persuasive [he or she] find[s] all of the medical opinions." 20 C.F.R. §§ 404.1520c(a)-(b); 416.920c(a)-(b). Moreover, "the decision to discredit any medical opinion, must simply be supported by substantial evidence." *Woods v. Kijakazi*, 32 F.4th 785, 787 (9th Cir. 2022). In conjunction with this requirement, "[t]he agency must 'articulate . . .. how persuasive' it finds 'all the medical opinions' from each doctor or other source, 20 C.F.R. § 404.1520c(b), and 'explain how [it] considered the supportability and consistency factors' in reaching these findings, *id.* § 404.1520c(b)(2)." *Woods*, 32 F.4th at 792.

### C.   ANALYSIS

Plaintiff argues that the ALJ erred by failing to perform an "adequate 'consistency' or 'supportability' evaluation to reject Dr. Depry's MRFC assessment." (ECF No. 13, p.4). While the ALJ provided a summary of the medical record in other portions of the decision, the ALJ failed to provide any medical evidence to his finding that Dr. Depry's opinion was unpersuasive. Notably, the ALJ made a broad cite to Exhibit 7F, an exhibit that consists of 1139 pages. The ALJ used this exhibit to support the reasoning that Plaintiff's bipolar disorder and PTSD symptoms were unsupported in the record and were inconsistent with his "generally normal mental status exams and activities of daily living." (A.R. 28). Moreover, Plaintiff argues that the ALJ erred by failing to discuss the supportability and consistency of Dr. Depry's various documentation of Plaintiff's mental condition, which include "significantly abnormal psychiatric symptomology, testing results, and objective findings." (ECF No. 13, p. 5).

In response, Defendant Commissioner argues that the Court should reject Plaintiff's argument that the ALJ failed to provide a supportability and consistency analysis when finding Dr. Depry's opinion of limited persuasion because, "the ALJ's logic can be reasonably discerned." (ECF No. 17, p.6) First, Defendant contends that the ALJ determined that Dr. Depry's

opinion was "inconsistent with [Plaintiff's] generally normal mental status exams and activities of daily living." (*Id.,* p. 5; quoting A.R. 28). Specifically, Defendant argues that substantial evidence supported the ALJ's conclusion that Depry's opinion was inconsistent with the record because Plaintiff's "[i]nsight, judgment, and cognition were typically intact and he had a euthymic or neutral mood and logical/linear thought process at mental status exams." (*Id.;* quoting A.R. 26-27). Second, Defendant notes that the ALJ cited earlier records of Dr. Depry that indicated the results of Plaintiff's mental status exams were typically normal, which contradict Dr. Depry's MRFC assessment. (*Id.,* p. 5). Finally, Defendant argues the Court should consider the "ALJ's full explanation" by "looking at all pages of the ALJ's decision." (ECF No. 17, p. 6).

In reply, Plaintiff argues the Court should disregard Defendant's argument that the Court should review the entirety of the ALJ's record, stating, "the Commissioner's attempts to remedy this error, post-hoc by scouring through summarized evidence and the evidence of record as a whole and pin pointing examples of typically normal mental status exams is unavailing." (ECF No. 18, p. 3) (internal citations omitted.).

Upon consideration, the Court concludes that the ALJ erred by failing to provide an adequate consistency and supportability analysis when rejecting Dr. Depry's MRFC assessment, and the ALJ's decision to reject Dr. Depry's opinion is not supported by substantial evidence.

> Again, the ALJ's only reasons given for rejecting Dr. Depry's medical opinion were:
> I find this opinion of limited persuasion.  This opinion cites to bipolar disorder, PTS symptoms which are not supported consistently in the records, particularly at (7F).  It is inconsistent with the claimant's generally normal mental status exams and activities of daily living.

(A.R. 28).

Notably, the only evidence the ALJ cited for the finding that Dr. Depry's opinion was inconsistent with the record is "7F," which is an exhibit that contains over 1100 pages of records. (*Id.*). Without more specificity, this citation does not provide substantial evidence for the ALJ's finding. Furthermore, the ALJ's opinion does not cite to any evidence in support of the finding that Dr. Depry's opinion was inconsistent with normal mental status exams and activities of daily living.

Moreover, Plaintiff's brief points to several other records from Dr. Depry outside of exhibit 7F that support Dr. Depry's opinion. (ECF No. 13, p.5). For example, Dr. Depry's treatment note from February 8, 2022, states:

> The patient was on time, in his car, parked. Talked about the EMD visit and how symptoms started with somnolence and then transitioned into **depression** and **anxiety** with distress and an inability to function. He has been unable to go to work based on the symptoms and felt he needed time off. He talked about how much he enjoyed working as it helped with his self-esteem and self-worth, as he was supporting his family, but he has not been able to successfully remain in sustained employment due to recurrences of his mood and medical symptoms. It was agreed to give him time off to assess his ability to recovery from the recent event, currently he still has **depression** and **anxiety** with impaired focus and energy. It was agreed to allow time for the recent medication changes to take effect from the sleep clinic and to follow up in 4 weeks for a symptoms check.

(A.R. 544). Dr. Depry's treatment record from April 4, 2022, also not cited by the ALJ, reports:

> Depressive symptoms persist with decreased ability to get up and even engage in the day a couple times per week. Better control of bipolar depressive phase with medications was discussed with a thought of increasing the Olanzapine to 20mg daily. He noted that about a week ago he got mixed up with the medications and started taking the whole pill instead of half and is already on 20mg per day with an improvement in **hallucinations**. It was agreed to continue with this does and monitor for effect. Will extend disability for another two months, afterwards he will need to find another means for supportive income, possibly apply for social security support.

(A.R. 497-98)

Plaintiff also points to several reports from other doctors that are consistent with Dr. Depry's opinion, but were not discussed by the ALJ, (ECF No. 13, at p. 8-9), including a treatment note dated Karnkeep Samran March 8, 2021 stating:

> Last seen on 2/8 when Suboxone was decreased. Has not been doing well xwks. More seclusion x1mo, staying up late in his shop and trying to stay busy to avoid family. Issues at work, upset with boss, who was "lecturing" to the patient about his "mental illness," prompting pt to notify HR. Does not want to return to job, applying for other opportunities, had appt today 3/8 with mental health clinic. Low morale, dissappointed [sic]in human nature. Very selfconscious, [sic] fear he is not a good father or partner. Upset that he values/view friendships as more close than in reality.
>
> Taking meds with no s/e. Eating well, eating more junk food, feeling he has gained more weight. Having lower energy. Having regular BM daily 7/7days.

> Denies any headaches. Napping more in daytime (2hrs), fighting sleep more x2wks, difficulty with sleep initiation (more than 1hr), but good maintenance, but less refreshed quality at 3-4/7days. Not much tremors. Mood swings x2wks, 2x/day, lasting 1-2hrs at a time. More seclusion x1mo. Feeling calm overall. More irritable, 2x/day, easily triggered by work and children.  Increased auditory hallucinations (hearing name and laughter) on daily basis 7/7days. More visual illusions (previously seeing dogs and cats running) on 1-2/7days. Not plagued by paranoia.  Denies any cravings or near-relapses. No current SI/HI, future-oriented, stable for outpt care.

(A.R. 764-65).  Another treatment note dated April 19, 2021 from Karndeep Samran states:

> Taking meds with no s/e. Eating well, less snacking and less junk food (since not working), slowly losing weight (lost nearly 20 lbs), but regular BM 7/7days. Energy levels remain low, but slowly improving x1wk. Daytime fatigue hits around noon, and difficulty to get back up, x1mo. No pain, no headeaches,[sic] or dizziness. Better sleep initiation (30min, sleeping around  01/0200), but good maintenance (awaken at 0230), less NM at 2/7days (less vivid dreams and less recall), refreshed quality at 5/7days, getting nearly 6-7hrs nightly. Will take daily 1hr naps x1wk (up to 2-3hr naps daily prior). Mood vacillates, having "low" day q2days (3-4/7days), but still motivated. More irritable (people not do requests) towards children, 2-3x/day, with verbal d/c. Feeling calm overall, still having easy startle. AH are better in terms of laughter, but more in hearing name. Seeing more VH of seeing people in periphery, or seeing animals. Not plagued by paranoia.

(A.R. 741-42).

The ALJ's finding also does not appear to consider Plaintiff's multiple visits to the Emergency Room for psychiatric-related issues.  For example, Plaintiff checked into the Emergency Room on September 6, 2021, with the following symptoms:

> This is a 38-year-old male who presents to the emergency department for **suicidal** ideation and **homicidal** ideation. Patient reports that he has a history of bipolar disorder with mania. He thinks he may be having a manic episode. He has been unable to sleep for the last 3 days. He also reports developing a knife fetish. He was counting the amount of knives he has on him and found 12 knives on him. He does report having thoughts about ending his and his family life hoping he would be over.

(ECF No. 657).

The ALJ's statement that Dr. Depry's opinion was inconsistent with Plaintiff's activities of daily living also does not provide substantial evidence for the ALJ's finding.  The ALJ does not cite to any evidence or explain any inconsistent activities.  Moreover, as Plaintiff points out, the ALJ incorrectly characterizes those activities elsewhere in the opinion.  For example, the ALJ

elsewhere states that "the claimant reported that he was trying to go rafting and scuba dividing with some veteran programs . . . River rafting and scuba diving are activities that are wholly inconsistent with disability." (A.R. 29). However, there is no evidence in the record of Plaintiff doing these activities, and substantial evidence in the record that his impairments have prevented him from engaging in work-related activities. (ECF No. 13, at p. 16-17, citing records).

For these reasons, the Court concludes that the ALJ's finding that Dr. Depry's opinion was not persuasive was not adequately explained and is not supported by substantial evidence.[1]

### III.    CONCLUSION AND ORDER

Based on the above reasons, the decision of the Commissioner of Social Security is reversed and remanded[2] for further proceedings consistent with this order, including to properly evaluate and, if necessary, incorporate into the RFC Dr. Depry's MRFC assessment.

The Clerk of Court is directed to enter judgment in favor of the Plaintiff and to close this case.

IT IS SO ORDERED.

Dated:    **January 6, 2026**          /s/ Erica P. Grosjean
                                        UNITED STATES MAGISTRATE JUDGE

---

[1] As the Court has found the ALJ's decision was not supported by substantial evidence, it need not address the remaining issue before it, that ""The ALJ harmfully erred by failing to obtain the medical assessment upon which the 100% VA PTSD disability determination was made." (ECF No .13, p.2).

[2] Both Plaintiff and Defendant request the Court remand Plaintiff's claim for further proceedings if the Court finds that the ALJ's decision was not supported by substantial evidence.